United States District Court
Southern District of Texas
**ENTERED**
September 19, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § | CRIMINAL NO. H-10-494-SSS |
| | § | |
| HARRIS DEMPSEY BALLOW | § § § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)  The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  [ ]  a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  [ ]  an offense for which the maximum sentence is life imprisonment or death.

  [ ]  an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

  [ ]  a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)  The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)  A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in

finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ] B. Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1) There is probable cause to believe that the defendant has committed an offense

[ ] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( x ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

[ ] under 18 U.S.C. § 924(c).

[x] (2) The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x] C. Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendant will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x] D. Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows: Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

[ ] (2)

> [x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.
>
> [ ] (4)
>
> [ ] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Harris Dempsey Ballow has been charged by Third Superseding Indictment in the United States District Court for the Southern District of Texas, Houston Division with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 1), wire fraud in violation of 18 U.S.C. § 1343 (Counts 2-15), conspiracy to launder money in violation of 18 U.S.C. § 1956(h)(Count 16), money laundering in violation of 18 U.S.C. § 1957 (Counts 17-50), failure to appear in violation of 18 U.S.C. § 3146(a)(1)(Count 53), wire fraud in violation of 18 U.S.C. § 1343 (Counts 54-59), money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I) (Counts 60-69),money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i)(Counts 70-79), and money laundering in violation of 18 U.S.C. § 1956(a)(2)(A)(Counts 80-87).
**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
　　　　Evidence presented at the detention hearing shows that Harris Dempsey Ballow ("Ballow") has been charged with conspiracy to commit wire fraud, wire fraud, conspiracy to launder money, money laundering, failure to appear, wire fraud. The grand jury has made a probable cause determination that Ballow committed the offenses described in the Indictment and testified to at the hearing. Ballow has been in the Bureau of Prisons for six years. In 2003, Ballow was indicted in the United States District Court for the Southern District of Texas, Houston Division. Ballow was accused of opening brokerage accounts on margin and trading stock in the name of companies, which resulted in the brokerages suffering financial loss. Ballow pleaded guilty to money laundering. He was released on bond. Ballow failed to appear for sentencing. Judge Hitter signed a petition for action on violation. Judge Hitter wrote: "Absent for sentencing on February 16, 2004. Request priority to find Defendant." It took **five years** to find Ballow in Mexico. Ballow used two alias ID's and traveled to Mexico with his wife. Ballow used fake documents and alias names in Mexico. He defrauded people of approximately 30 million dollars by selling shares in buildings that he claimed to be building in Puerto Valletta. . Ballow's wife was indicted in Mexico and is a fugitive. These activities are described in the Third Superseding Indictment. Ballow was arrested in Mexico, and extradited to

the United States. Ballow was sentenced to ten years imprisonment. Ballow started a new scheme to defraud investors from federal custody. The evidence of guilt is strong which enhances the risk of flight. Ballow has a lengthy criminal history of felony theft convictions in Texas, California, and Alabama. His probation was revoked in a felony theft case in 1987. This demonstrates an inability or unwillingness to comply with bail conditions. He absconded from the jurisdiction to avoid being sentenced by Judge Hitter.

Accordingly, having determined that there are no standard conditions of release to assure the appearance of the Defendant at all future court proceedings in this matter, the Court ORDERS that Defendant Harris Dempsey Ballow be DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

      It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 18th day of September 2017

FRANCES H. STACY  
UNITED STATES MAGISTRATE JUDGE